The messenger is also entitled to be refunded the sum paid for keeping horses, when ascertained.

There is no rule of law or practice, authorizing the messenger to charge a commission upon his own cost bill. There is no analogy between such a claim and a claim for two per cent. against the government allowed him by law, upon his disbursements for the expenses of the courts in the payment of jurors, witnesses and others, out of the funds placed in his hands for such purposes. The charge of $1.30 for postage and material is, I think, covered by the amounts which I have above allowed. If it should appear that the deputy who was sent to Mercer county, acted as one of the keepers of the property seized, then, inasmuch as such fees are already included in the item of $360, the item of $18 above allowed him for nine days should be stricken out, which would reduce my finding to $467.01. I have been obliged to consider this matter without having all the papers in the cause before me, and was, therefore, obliged to grope somewhat in the dark, and may, therefore, have made mistakes. It seems to be conceded on the part of the assignee, that the marshal performed his duty promptly and faithfully, and to the entire satisfaction of the petitioning creditors, and, therefore, if I have leaned at all it has been on the side of the marshal. His bill of costs, however, is too vague to serve as a precedent hereafter. He should have stated the kinds of processes served and also the number of notices sent by him, and also, what expenses were paid and to whom, so that the court could judge whether they were correct and necessary but it is a matter of long standing, and lapse of time increases the difficulties attendant upon the ascertainment of the exact amounts due him, with judicial certainty.

Respectfully submitted.

## Case No. 438.

ANONYMOUS.

[6 Chi. Leg. News, 333.]

[The case reported without title in 6 Chi. Leg. News, 333, is the same as Piek v. Chicago & N. W. R. Co., Case No. 11,138.]

## Case No. 439.

ANONYMOUS.

[7 Chi. Leg. News, 26.]

[The case reported without title in 7 Chi. Leg. News, 26, is the same as U. S. v. Wirt, Case No. 16,745.]

## Case No. 440.

ANONYMOUS.

[9 Chi. Leg. News, 20.]

[The case reported without title in 9 Chi. Leg. News, 20, is the same as U. S. v. Hazard, Case No. 15,337.]

## Case No. 441.

ANONYMOUS.

[11 Chi. Leg. News, (1879,) 190.]

District Court, W. D. Tennessee.

BANKRUPTCY—WHEN CREDITORS HAVING ADVERSE INTEREST MAY DEFEND.

A creditor or other person having an adverse interest to be affected by an adjudication in bankruptcy, may be admitted to defend. Practice when debtor denies that the requisite number and amount of creditors have joined. To charge suspension of commercial paper is not enough. It should be described or identified.

HAMMOND, J. The long disputed question, whether a creditor or other party having an adverse interest to be affected by an adjudication in bankruptcy, may be admitted to defend against the involuntary petition, has been settled in favor of that right. Bump. [Bankr.] (10th Ed.) 51, cites the cases. [In re Boston, Case No. 1,677; Id. 1678; In re Heusted, Id. 6,440; In re Bush, Id. 2,222; Dutton v. Freeman, Id. 4,210; Clinton v. Mayo, Id. 2,899; In re Derby, Id. 3,815; In re Mendelsohn, Id. 9,420; In re Hatje, Id. 6,215; In re Jack, Id. 7,120; In re Jack, Id. 7,119; In re Scrafford, Id. 12,557; In re Scrafford, Id. 12,556.]

The act, (section 5,021, [18 Stat. 181,]) provides that if the debtor denies that the requisite number and amount of creditors have joined, he shall file a list of his creditors, with their place of residence and sums due them; but it makes no provision for such a list where the debtor admits that fact. Indeed, it says, that if satisfied that the admission is made in good faith, the court shall so adjudge, and its determination shall be final, and the matter shall proceed without further steps on that subject. One of the creditors, who holds an attachment lien, which will be avoided by an adjudication, files a petition, asks to be permitted to defend, and, among other things, denies that the requisite number and amount of creditors have joined, and moves that the debtors be required to file a list of their creditors. I think the case stands as if the debtor himself had denied this fact, and that the alleged bankrupts may be required to file the list of creditors, and it is so ordered.

I am asked by the petitioning creditors to instruct the register whether or not both individual and partnership creditors are to be enumerated, or only partnership creditors; to exclude all secured creditors, except for supplies; to exclude all creditors who have had a preference or levied attachments, which will be avoided. I cannot adjudicate on these questions till they arise by presentation of the facts; and they are not now raised by the record. The case may be referred to the register to take proof and report whether or not the requisite number and amount of creditors have joined in this petition. He will report the facts and the proof he takes, along with his report. These questions, as they are raised before him, may be certified,